IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD LITMAN et al : | | |
| Plaintiffs, : | CIVIL ACTION NO. | |
| : | | |
| v. : | 22-cv-04530-RAL | |
| : | | |
| GEICO CASUALTY COMPANY : | | |
| Defendant. : | | |

**MEMORANDUM**

Defendant, GEICO Casualty Company ("GEICO"), has moved under Fed. R. Civ. P. 12(b)(6) to dismiss Counts II and II of Plaintiffs' Amended Complaint. Doc. No. 36. Count II alleges a violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Stat. Ann. §§ 201-1, et seq. (UTPCPL) and Count III alleges bad faith pursuant to 42 Pa. C.S.A. § 8371. Doc. No. 35, at ¶¶ 47–52. Plaintiffs, Donald and Celia Litman, have filed a Response (Doc. No. 37), and GEICO has filed a Reply. Doc. No. 38. For the reasons discussed below, I grant Defendant's motion.

**FACTUAL AND PROCEDURAL HISTORY**

This matter seeks compensatory and punitive damages in connection with Plaintiffs' insurance claims arising out of a motor vehicle accident which occurred on October 20, 2016. Doc. No. 35, at ¶¶ 9, 13. Plaintiff Donald Litman was driving on Interstate 95 when his car was struck by another driver. Doc. No. 35, at ¶ 13. As a proximate result of the accident, Mr. Litman suffered "severe and disabling bodily injuries," requiring multiple surgeries. Doc. No. 35, at ¶ 15. At all relevant times, Mr. Litman's vehicle was insured by GEICO, and the other driver's vehicle was insured by The Hartford. Doc. No. 35, at ¶¶ 10, 14. On or about November 15, 2019, Plaintiffs

settled a third-party negligence action against the other driver and received a payment of $100,000 from The Hartford. Doc. No. 35, at ¶¶ 20, 26.

Following the third-party settlement, a dispute arose between Plaintiffs and GEICO regarding Plaintiffs' claim for underinsured motorist benefits ("UIM Benefits"). Plaintiffs contend that GEICO was put on notice of their claim for UIM Benefits in 2016 when Plaintiffs first informed the insurer of the accident and of Mr. Litman's injuries. Doc. No. 35, at ¶ 30. GEICO maintains that Plaintiffs did not make a claim or demand for UIM Benefits until after the third-party litigation had settled in 2019. Doc. No. 36, at ¶ 7. The Amended Complaint appears to allege that GEICO should have started to process Plaintiffs' claim for UIM Benefits at the same time it opened its first-party benefits file. Doc. No. 35, at ¶¶ 30, 31. To that end, Count III alleges that GEICO acted in bad faith by failing to act promptly with respect to Plaintiffs' UIM claim, among other conduct, (Doc. No. 35, at ¶¶ 47–49) and Count II alleges that the way GEICO handled Plaintiffs' UIM claim constitutes an unfair and deceptive business practice under the UTPCPL. Doc. No. 35, at ¶¶ 50–52.

## DISCUSSION

GEICO's Motion to Dismiss ("Motion") asserts that the Amended Complaint cannot support a claim for bad faith (Count III) or for violation of the Unfair Trade Practices and Consumer Protection Law (Count II). In their Response, Plaintiffs largely fail to engage with or respond to GEICO's arguments and instead assert general denials and supply a wide array of facts not alleged in Amended Complaint. This will not do.

### A. Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A "complaint must contain sufficient factual

2

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). At the pleadings stage, the court must accept all the complaint's well-pleaded facts as true but should disregard legal conclusions. The court must then determine whether the facts alleged in the complaint suffice to show a plausible claim for relief. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

When evaluating a motion to dismiss, a court may only consider facts asserted in the complaint, any attachments to the complaint, facts of public record, and matters of which judicial notice may be taken. *Walter v. Southeastern Pennsylvania Transp. Authority*, 434 F.Supp.2d 346 (E.D. Pa. 2006) (Dubois, J.). A "complaint may not be amended by the briefs in opposition to a motion to dismiss." *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173 (3d Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)).

### B.  Plaintiffs' UTPCPL claim is insufficiently pled.

Count II fails to state a violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law because the UTPCPL applies only to the sale of an insurance policy, not to "the handling of insurance claims, as alleged herein." *Wenk v. State Farm Fire & Cas. Co.*, 228 A.3d. 540 (Pa. Super. 2020) (citing *Neustein v. Gov't Employees Ins. Co.*, No. 18-645, 2018 WL 6603640, at *2 (W.D. Pa. Nov. 29, 2018)).

Plaintiffs' Response fails to supply contrary authority or to otherwise address Defendant's arguments regarding the sufficiency of Count II, and thus concedes that the Amended Complaint fails to state a claim for violations of the UTPCPL. *See* Doc. No. 36, at ¶¶ 19–25; Doc. No. 37, at ¶¶ 19–25; *Hanoverian, Inc. v. Pa. Dep't of Envtl. Prot.*,

No. 07–00658, 2008 WL 906545, at *16 (M.D. Pa. Mar. 31, 2008) (quoting *Williams v. Savage*, No. 07–0583, 2008 WL 628003, at *5 (D.D.C. Mar.10, 2008)) ("[W]hen a plaintiff files a response to a motion to dismiss but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded.").

  **C. Plaintiffs' bad faith claim is insufficiently pled.**

Count III consists of little more than boilerplate allegations and legal conclusions unsupported by specific facts and thus fails to state a claim for bad faith. To survive a motion to dismiss, "plaintiff[s] must plead specific facts as evidence of bad faith and cannot rely on conclusory statements." *Toner v. GEICO Ins. Co.*, 262 F. Supp. 3d 200, 208 (E.D. Pa. 2017) (Slomsky, J.) (*citing Smith v. State Farm Mut. Auto. Ins. Co.*, 506 Fed. Appx. 133, 136 (3d Cir. 2012)). A complaint fails to state a claim where it sets forth only "'bare-bones' conclusory allegations that [do] not provide a factual basis for an award of bad faith damages." *Pasqualino v. State Farm Mut. Auto. Ins. Co.*, No. 15-0077, 2015 WL 3444288, at *3 (E.D. Pa. May 28, 2015) (Buckwalter, J.).

Plaintiffs allege that GEICO "misrepresented the benefits, advantages, conditions or terms of its insurance policy" (Doc. No. 35, at ¶ 51(a)), "misrepresented pertinent facts or policy or contract provisions relating to coverages at issue" (Doc. No. 35, at ¶ 51(b)), and "misrepresented the law relating to plaintiffs' claim" (Doc. No. 35, at ¶ 51(i)), without explaining what those misrepresentations may have been. Similarly, Plaintiffs assert that GEICO perpetrated "repeated frauds" upon Plaintiffs (Doc. No. 35, at ¶ 51(l)), without identifying what frauds were committed or when.

Plaintiffs further claim that GEICO "failed to acknowledge and act promptly upon written or oral communications with respect to" Plaintiffs' UIM claim (Doc. No. 35, at ¶ 51(c)), "failed to adopt and implement reasonable standards for the prompt

4

investigation of" Plaintiffs' UIM claim (Doc. No. 35, at ¶ 51(d)), and "did not attempt in good faith to effectuate prompt, fair, and equitable settlement of" Plaintiffs' UIM claim (Doc. No. 35, at ¶ 51(f)) without describing the communications to which GEICO failed to respond. Regardless, mere delay in processing a claim is not sufficient to establish bad faith under Pennsylvania law. *Kosierowski v. Allstate Ins. Co.*, 51 F. Supp. 2d 583, 589 (E.D. Pa. 1999) (Katz, J.), *aff'd*, 234 F.3d 1265 (3d Cir. 2000) (citing *Klinger v. State Farm Mut. Auto*, 115 F.3d 230, 234 (3d Cir. 1997)) ("[A] long period of time between demand and settlement does not, on its own, necessarily constitute bad faith . . . . [I]f delay is attributable to the need to investigate further or even to simple negligence, no bad faith has occurred.").

Finally, Plaintiffs assert that GEICO acted in bad faith "to compel plaintiffs to institute litigation" to recover amounts they assert are due under their insurance policy (Doc. No. 35, at ¶ 51(m)) and by retaining "private counsel" to litigate this lawsuit. Doc. No. 37-1, at 11. An insurer is entitled to investigate legitimate defenses against claims made by its insured, and to raise those defenses in litigation. *See, e.g., O'Donnell v. Allstate Ins. Co.*, 734 A.2d 901, 910 (Pa. Super. Ct. 1999) ("[I]n [the] absence of evidence revealing dishonest purpose, it is not bad faith for insurer to aggressively investigate and protect its interests.") (*citing Jung v. Nationwide Mut. Fire Ins. Co.*, 949 F. Supp. 353, 360 (E.D. Pa. 1997) (Cahn, J.)). Mere disagreement over the value of a claim is insufficient to state a claim for bad faith. *Jung*, 949 F. Supp. at 361 (holding "actions related to the defense against the insureds' claim cannot constitute bad faith" where the insurer has a reasonable basis on which to deny the insured's claim). Plaintiffs have not identified any wrongdoing by GEICO's counsel, let alone wrongdoing that could be imputed to GEICO's bad faith.

5

### D. Plaintiffs concede Defendant's arguments regarding bad faith.

Plaintiffs' Response fails to address, and so concedes, Defendant's arguments regarding the sufficiency of Plaintiffs' assertions relating to their bad faith claim. *See Hanoverian, Inc.*, No. 07–00658, 2008 WL 906545, at *16.

Plaintiffs do not address GEICO's argument that the Amended Complaint fails to allege facts showing how GEICO's reliance on an Independent Medical Exam (IME) by a qualified orthopedic physician supports a claim for bad faith. *See* Doc. No 36, at ¶¶ 39–43; Doc. No. 37, at ¶¶ 39–43. Plaintiffs do not address GEICO's argument that Plaintiffs' allegations of delay are inadequate because the Amended Complaint does not assert facts establishing that GEICO had reason to investigate Plaintiffs' claim. *See* Doc. No. 36, at ¶¶ 44–58; Doc. No. 37, at ¶¶ 44–58. Plaintiffs do not address GEICO's argument that the Amended Complaint fails to identify any actions taken by GEICO in its capacity as a party to this lawsuit that could support a finding of bad faith. *See* Doc. No 36, at ¶¶ 80–88; Doc. No. 37, at ¶¶ 80–88. Nor do Plaintiffs contest GEICO's argument that Plaintiffs failed to establish facts showing that GEICO's actions while investigating Plaintiffs' UIM claim constitute something other than a normal value dispute between an insurer and an insured. *See* Doc. No 36, at ¶¶ 89–93; Doc. No. 37, at ¶¶ 89–93.

Plaintiffs, by their failure to respond to GEICO's arguments, concede that use of an IME was not in bad faith, that the time taken to investigate the claim was reasonable, that GEICO has merely acted as a legal adversary in pursuing this matter, and that this matter is, at its core, a value dispute that is not a predicate for a bad faith claim.

> **E.     Alleged violations of the UCSP do not establish bad faith.**

Plaintiffs, in their Response, argue that GEICO violated the Pennsylvania Unfair Claims Settlement Practices (USCP) by failing to send Plaintiffs regular notice of the status of their UIM claim and that such a violation establishes that GEICO acted in bad faith. *See* Doc. No. 37, at ¶ 86; Doc. No. 37-1, at 5, 6. This is not the law.

The Pennsylvania Superior Court has outlined a two-part standard for evaluating whether an insurance company acted in bad faith: "to recover under a claim of bad faith, the plaintiff must show that the defendant did not have a reasonable basis for denying benefits under the policy and that defendant knew or recklessly disregarded its lack of reasonable basis in denying the claim." *See Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super 1994). It necessarily follows that a violation of the . . . USCP is not a per se violation of the bad faith standard and that it is only the Terletsky standard itself that allows one to determine whether a violation of the former is of any relevance" in evaluating a bad faith claim. *Dinner v. United Servs. Auto. Ass'n Cas. Ins. Co.*, 29 F. App'x 823, 827 (3d Cir. 2002).

Even if violations of the USCP could be a predicate for a bad faith claim, the Amended Complaint fails to allege that GEICO performed the acts with the frequency required to show a business practice. *See* 31 Pa. Code § 146.1 (defining the scope of the USCP to cover acts which "if violated with a frequency that indicates a general business practice, will be deemed to constitute unfair claims settlement practices"). Therefore, Plaintiffs' argument fails.

### F. GEICO does not owe any fiduciary duties with respect to Plaintiffs' UIM claim.

Plaintiffs, in their Response, argue that GEICO violated a fiduciary duty to their insureds which constitutes a bad faith act. *See* Doc. No. 37-1, at 6, 12. This argument fails.

GEICO did not assume a fiduciary duty toward the Plaintiffs by acting to process their UIM claim; nor was any agency relationship created. Under Pennsylvania law, a fiduciary duty "will only be imposed where the attendant conditions make it certain that a fiduciary relationship exists." *Yenchi v. Ameriprise Financial, Inc.*, 161 A.3d 811, 822–823 (Pa. 2017). "The Pennsylvania Superior Court considers UIM claims to be a hybrid of first and third party claims . . . . Due to their hybrid nature, federal district courts have held that an insurer does not assume a fiduciary duty toward an insured for UIM claims." *Tubman v. USAA Cas. Ins. Co.*, 943 F. Supp. 2d 525, 528 (E.D. Pa. 2013) (Brody, J.). Plaintiffs' UIM claim is nothing more than an arm's length commercial transaction between insurer and insured. There is no fiduciary violation that could support a bad faith claim.

GEICO had no fiduciary obligation to open a claim for UIM benefits upon receiving Mr. Litman's medical records in connection with his first-party benefits claim. "[A]bsent evidence of fraud or intentional deception, an insurer has no affirmative duty to advise its insured of every potential claim or benefit that could exist under a policy." *Albert v. Erie Insurance Exchange*, 65 A.3d 923, 929–30 (Pa. Super. Ct. 2013) (*citing Miller v. Keystone*, 636 A.2d 1109, 1113 (Pa. 1994)). Plaintiffs do not address GEICO's argument that it was proper for the insurer to maintain a "wall" between its first party

8

medical benefit and UIM functions, and so concede them. *See* Doc. No 36, at ¶¶ 59–79; Doc. No. 37, at ¶¶ 59–79.

### G. Plaintiffs are not entitled to punitive damages for their UIM claim.

Plaintiffs assert that they are entitled to punitive damages for their UIM claim (Count I) (Doc. No. 35, at ¶ 41), but punitive damages are not recoverable under the Motor Vehicle Financial Responsibility Law (MVFRL) in an Underinsured Motorist Claim. 75 Pa. Stat. and Cons. Stat. Ann. § 1731(b); *Robson v. EMC Ins. Companies*, 785 A.2d 507, 512 (Pa. Super. 2001) (determining "punitive damages are not recoverable under the relevant provisions of the MVFRL"). Even if such damages were recoverable, Plaintiffs have not alleged any facts that would entitle them to punitive damages. Thus, Plaintiffs' request for punitive damages for Count I is dismissed.

### H. Plaintiffs are not entitled to Rule 11 Sanctions.

"A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). Plaintiffs' request, made in their Response, that the Court consider entering sanctions against GEICO is frivolous and violates the procedural requirements of Rule 11. *See* Doc. 37-1 at 10. Thus, I will disregard Plaintiffs' request.[1]

### CONCLUSION

I will enter an order granting the motion to dismiss Counts II and III without prejudice and granting leave to file amended claims within 14 days of the Order. I will also grant GEICO's Motion insofar as it seeks dismissal of Plaintiffs' request for punitive damages related to Count I.

---

[1] While we are on the subject of Rule 11, Plaintiffs would do well to read the Rule carefully and adhere to it meticulously if they choose to file an amended complaint.

BY THE COURT:


_/s/ Richard A. Lloret_
**RICHARD A. LLORET**
**U.S. MAGISTRATE JUDGE**